## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| BILLY EUGENE BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 6:03-CV-43 |
| | * | 42 U.S.C. § 1983 |
| WILEY GRIFFIN, Sheriff, and | * | |
| J. BROWN MOSELY, D.A., | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff, Billy Eugene Brown, a *pro se* prisoner, filed the above styled action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently imprisoned pursuant to a conviction for possession with intent to distribute over fifty grams of methamphetamine in the Federal Correctional Institution in Forrest City, Arkansas.   In his Amended Complaint, Plaintiff seeks monetary damages for violations of his constitutional rights.   Specifically, In Count I of his Amended Complaint filed on July 6, 2004, Plaintiff alleged that while he was incarcerated in the Decatur County Jail on pending state charges, he was denied medical attention for several maladies.  In Count II of  his Amended Complaint, Plaintiff Brown alleged that, while he was confined, Defendant J. Brown Moseley, the District Attorney, filed a forfeiture action in the Superior Court of Decatur County, Georgia, seeking forfeiture of certain of Plaintiff's property; that Defendant Wiley Griffin, the Sheriff of Decatur County, and Defendant Moseley agreed to prevent Plaintiff from filing any answer or otherwise

responding to the forfeiture complaint, so that Plaintiff would be in default in the civil forfeiture case; and to accomplished this agreement they "denied Plaintiff any means with which to file an answer or otherwise respond to the forfeiture complaint."

In Count III of Plaintiff's Amended Complaint, he alleged that from August 26, 2003 to September 29, 2003, Defendant Griffin intentionally held him in the Decatur County Jail with no charges pending against him.  He asserts that Defendant Griffin sought to inflict punishment upon him by unlawfully imprisoning him.  He asserts that he suffered a lack of medical attention, the denial of his liberty and physical damage to his body.  And finally, in Count IV of the Amended Complaint, Plaintiff alleged that on or about March 21, 2001, Defendants Moseley and Griffin agreed to offer Plaintiff an immunity agreement, with the intent of obtaining services and assistance of the Plaintiff by causing him to believe that he was to receive total and complete immunity in exchange for services Plaintiff would render to the State; that the Defendants had no intention of honoring the agreement, and after good faith compliance by Plaintiff, Defendants "then caused the Plaintiff to be prosecuted in the United States District Court for the Middle District of Georgia,  . . .  that they sought and procured the criminal prosecution of Plaintiff in the United States District Court, well knowing that they had previously promised complete immunity to Plaintiff, and well knowing that Plaintiff had fully and faithfully performed his agreement."

On August 19, 2004, Defendant Moseley filed a Motion to Dismiss the action as to Counts II and IV, the two counts which name him as a defendant, claiming that the statute

of limitations had run.  That motion was denied on September 16, 2004.  On September 13, 2004, Defendant Griffin filed a Motion to Dismiss all counts against him.  Counts I and III were ultimately dismissed as this court found that Defendant Griffin, as sheriff, was entitled to Eleventh Amendment immunity on those claims.   Thereafter, on February 4, 2005, Defendant Griffin filed a Motion for Summary Judgment as to Counts II and IV.  Defendant Moseley filed his Motion for Summary Judgment as to Counts II and IV on February 8, 2005. Plaintiff responded to the Motions on March 7, 2005 and March 14, 2005, respectively, by filing completely identical briefs as to the two Defendants with this court.  As Counts I and III of Plaintiff's Amended Complaint have been dismissed as to Defendant Griffin and those counts do not pertain to Defendant Moseley, only Counts II and IV need be addressed.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution.  *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact.  *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993).  In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party.  *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct.

2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by**

**affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

The record reveals that on February 15, 2001, the Decatur County Sheriff's Department in conjunction with the Drug Enforcement Agency (DEA) followed a confidential informant to the home of the Plaintiff. Therein, the informant bought seven grams of methamphetamine. On February 21, 2001, the informant again purchased seven grams of methamphetamine and was also given 97.3 grams of marijuana. On March 1, 2001, acting under a search warrant, the officers from both the Sheriff's Department and the DEA searched Plaintiff's residence and confiscated 92.16 grams of methamphetamine, along with several other items. Plaintiff was then arrested and was released on bond on May 9, 2001. He was thereafter convicted of possession with intent to distribute over fifty grams of methamphetamine in a federal district court.

As noted above, in both counts against them, the Plaintiff has alleged that the Defendants, in concert, actively and knowingly violated his constitutional rights. With regard to the conspiracy claims in both counts, Defendants Griffin and Moseley contend that Plaintiff has failed to establish a prima facie case that there existed an agreement to deny Plaintiff his constitutional rights. As Defendant Griffin stated in his Brief in Support of Motion for Summary Judgment, the Plaintiff is required to establish that there was an explicit

agreement between the defendants to violate his constitutional rights.  *See,  Strength v. Hubert*, 854 F.2d 421 (11 Cir. 1988)(overruled on other grounds by *Whitney v. Traylor,* 85 F.3d 581 (11th Cir. 1996).  Plaintiff has failed to allege the operative facts of a conspiracy. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."   *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984) (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)).  Plaintiff's complaint presents no facts that show that an agreement and concerted action of conspiracy actually existed between the Defendants.  To state a section 1983 conspiracy claim, a plaintiff must establish the supporting, operative facts of the conspiracy.  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The mere fact that Plaintiff alleges that there was a conspiracy to deprive him of his due process rights, is not sufficient to show participation in a conspiracy.  Thus, it is recommended that Defendants' Motion for Summary Judgment as to any conspiracy claims be **GRANTED.**

     With regard to the specific counts in his complaint, in **Count II** of Plaintiff's Amended Complaint, Plaintiff alleges that on March 21, 2001, while he was in the Decatur County Jail, Defendant District Attorney Moseley filed an action seeking the forfeiture of certain items of Plaintiff's property.  Plaintiff states that he was served with the forfeiture action in jail.  He then contends that Defendants Griffin and Moseley conspired to prevent him from responding to the forfeiture action by denying him access to the law library, denying him the ability to file an answer or response so that he would be in default.  Thus,

he claims that he was denied due process of law and that he is owed $35,000, the value of the forfeited property.  Section 16-13-49 of the Official Code of Georgia, which deals with forfeiture actions, states in relevant part that:

> A district attorney may file, without a filing fee, a lien for forfeiture of property **upon the initiation of any civil or criminal proceeding under this article or upon seizure for forfeiture. The filing constitutes notice to any person claiming an interest in the property owned by the named person**. (emphasis added).

In the case at bar, Plaintiff  has filed no supporting affidavits, nor any other type of sworn statement, which would corroborate his allegations.  Merely pointing out that he "can show that his inability to respond to the civil forfeiture case resulted in the property being forfeited" and that he "can show" that the Defendants profited from the forfeiture of his property, fails to reveal that he was denied access to the law library, as his complaint alleges. As the Eleventh Circuit has repeatedly held, a  "non-moving party 'may not rest on mere allegations or denials of the adverse party's pleading' when a motion for summary judgment is made and supported by affidavits or the other methods provided in Rule 56; 'specific facts showing there is a genuine issue for trial' must be supported 'by affidavits or as otherwise provided in this rule' and provided by the non-moving party to avoid summary judgment." *Valdivieso v. Atlas Air, Inc.*, 305 F.3d 1283 (11th Cir. 2002); *citing* F.R.C.P. 56(e).

In **Count IV**, Plaintiff claims that the Defendants agreed to offer "total and complete" immunity to Plaintiff in exchange for his assistance in other cases.  Plaintiff contends that the

Defendants never intended to honor the agreement and that once he rendered service to them, they caused him to be prosecuted in the United States District Court for the Middle District of Georgia.

As stated *supra*, the party opposing the granting of the motion for summary judgment cannot rest on pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984). In both Defendants' sworn statements, each explicitly refutes the Plaintiff's contention in Count II that they denied him access to the law library. Defendant Griffin stated that he did not participate in the forfeiture action against the Plaintiff. (Griffin Affidavit, p. 2). Defendant Griffin further declared that the responsibility for prisoners' access to the law library was, at all times, delegated to one of his employees. *Id.* He further stated under penalty of perjury that he, in no way, blocked Plaintiff's ability to file an answer or response to the forfeiture action. *Id.* In Defendant Moseley's affidavit, he too denied acting in concert with Defendant Griffin to prevent the Plaintiff from filing any responsive pleadings in his forfeiture action. (Moseley Affidavit, p. 2).

As to Count IV, Defendant Griffin stated in his affidavit that he had no contact with Defendant Moseley regarding the immunity agreement between the Plaintiff and the District Attorney's Office. *Id.* at 3. He also stated that he had nothing to do with the federal charges

9

brought against Plaintiff. *Id.*   Similarly, Defendant Moseley's affidavit reveals that he honored the immunity agreement he entered into with Plaintiff's attorney and further stated that he assumed the federal government would also provide Plaintiff immunity from criminal charges, but made it clear to Plaintiff's attorney that he had no power to bind the federal government. *Id.* at 3.   In fact, in his own Statement of Material Facts Which Continue to be in Dispute Between Plaintiff and J. Brown Moseley (hereinafter, "Statement"), filed on March 14, 2005, Plaintiff acknowledges that Defendant Moseley told him that "while he could not bind the federal authorities, that he would let them know of the agreement he had entered into with Plaintiff and the extent of Plaintiff's cooperation with law enforcement authorities." (Statement, p. 4).   To bolster his allegation that Defendant Moseley failed to honor the immunity agreement, Plaintiff's Statement reads that "Defendant Brown Moseley, in complete disregard for his agreement with Plaintiff caused a warrant of Plaintiff's arrest to issue, which resulted in Plaintiff's incarceration, and after entering into the immunity agreement proceeded to obtain a default judgment against Plaintiff's property in the civil forfeiture action." (Statement, p. 4).   Plaintiff's statement claims that the trier of fact is entitled to draw inferences drawn from the facts in the case.   Plaintiff, however, has failed to establish, by providing any supporting documentation, that what he alleges are in actuality facts which must be heard by the trier of fact.

Having submitted their sworn statements, the Defendants, as the moving parties, have met their burden of proof.   That is, they have demonstrated to the court the basis for each of

their motions which they believe show that there is an absence of any genuine issue of material fact.  This evidence was looked at by this court in a light more favorable to the Plaintiff as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

In response, where the burden of proving that the Defendants are not entitled to a judgment as a matter of law has shifted to the Plaintiff, he merely makes conclusory allegations, without supporting any of his contentions.  Plaintiff simply argues that the affidavits submitted by the Defendants are "self-serving" declarations of innocence on their parts.  He seems to be under the assumption that the affidavits of the Defendants, which are sworn to under oath and subject to the penalty of perjury, are of no evidentiary value.  This is not the case.  As stated in F.R.C.P. 56, affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination.  Having failed to overcome his burden of proof, it is recommended that Defendant's Motions for Summary Judgment be **GRANTED** as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendants are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Motion for Summary Judgment filed on their behalf be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff  may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 22st day of March, in the year 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe