# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **BILLY EUGENE BROWN,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Civil Case Number |
| | : 6:03-CV-43 (HL) |
| **WILEY GRIFFIN, Sheriff, and** | : |
| **J. BROWN MOSELY, D.A.,** | : |
| | : |
| **Defendants.** | : |

## ORDER

Pursuant to Federal Rule of Civil Procedure 60(a), the Court vacates the Judgment in this case (Doc. 57), entered on July 7, 2005, and its underlying Order (Doc. 56), entered on July 6, 2005. The July 6, 2005, Order is replaced by this Order.

## I.   FACTS[1] AND PROCEDURAL HISTORY

Before this Court is a Report and Recommendation ("R&R") (Doc. 52) from United States Magistrate Judge G. Mallon Faircloth. In his R&R the Magistrate Judge advised this Court to grant summary judgment to Defendants because Plaintiff failed to offer evidence that would corroborate his allegations. Plaintiff, in his Objections (Doc. 55) to the R&R, states that he did in fact file evidence to support his claims with his complaint. Though Plaintiff failed to file the evidence along with his Responses to Defendants' Motions for Summary Judgment, Plaintiff did file evidence in this case along with his Questionnaire for Prisoners Proceeding Pro Se (Doc. 6) and his Response to Answer (Doc. 13). Further, Plaintiff has filed an affidavit with

---

[1] Because the facts of this case are detailed fully in the R&R, the Court shall set forth only those facts necessary to explain its reasoning in this Order.

his Objections, which the Magistrate Judge did not have the benefit of considering when drafting his R&R.

## II. ANALYSIS

Under 28 U.S.C. § 636(b)(1), the Magistrate Judge's R&R is subject to de novo review as to those issues to which Plaintiff objected. Section 636(b)(1) and Federal Rule of Civil Procedure 72(b) explicitly permit the district court to receive additional evidence as part of its review. 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2004) ("[T]he [district] judge may also receive further evidence . . . ."); Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ."); Drew v. Dep't of Corr., 297 F.3d 1278, 1289 n.4 (11th Cir. 2002).

However, neither § 636(b)(1) nor Rule 72(b) require a district court to receive such evidence. For example, in Drew v. Department of Corrections, the Eleventh Circuit considered whether it was clear error for a district court to refuse to consider evidence submitted for the first time in objections to an R&R. 297 F.3d 1278, 1289 n.4. The Drew Court stated, "In light of Drew's failure to present the evidence to the magistrate judge, it would not have been an abuse of discretion for the district court to decline to consider the evidence at all." Id. Thus, a hallmark of § 636(b)(1) and Rule 72(b) is broad discretion to receive – or not to receive – supplemental evidence during a de novo review.

Other United States Courts of Appeals have identified the policy behind the district court's broad discretion. Specifically, because considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, it is within the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review. Compare Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (considering supplemental evidence submitted for the first time in objections to a R&R), with

Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) (finding no abuse of discretion in district court's refusal to consider supplemental evidence).

Here, in the interest of justice, the Court exercises its discretion to allow Plaintiff, who is proceeding pro se, to introduce the affidavit he submitted with his Objections. Further, the R&R is not clear on whether the Magistrate Judge considered the evidence Plaintiff filed in this case along with his Questionnaire for Prisoners Proceeding Pro Se (Doc. 6) and his Response to Answer (Doc. 13). Indeed, the R&R's general thrust seems to indicate that Plaintiff filed no evidence at all in this case. Therefore, the Court recommits this case to the Magistrate Judge to determine whether the previously submitted evidence and Plaintiff's recently filed affidavit demonstrate the existence of a disputed material fact or facts.

### III.   CONCLUSION

The Judgment in this case (Doc. 57), entered on July 7, 2005, and its underlying Order (Doc. 56), entered on July 6, 2005, are vacated. The R&R (Doc. 52) is recommitted to the Magistrate Judge for reconsideration.

**SO ORDERED**, this the 26th day of July, 2005.

      /s/ Hugh Lawson
**HUGH LAWSON**, Judge

jmb