## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

BILLY EUGENE BROWN,               *
                                  *
         Plaintiff,               *
                                  *
vs.                               *        CASE NO. 6:03-CV-43
                                  *           42 U.S.C. § 1983
WILEY GRIFFIN, Sheriff, and       *
J. BROWN MOSELEY, D.A.,           *
                                  *
         Defendants.              *

## REVISED REPORT AND RECOMMENDATION

Plaintiff, Billy Eugene Brown, a *pro se* prisoner, filed the above styled action

pursuant to 42 U.S.C. § 1983, on September 10, 2003. On March 22, 2005, a Report and

Recommendation was filed, recommending that the Defendants' Motions for Summary

Judgment be granted. Plaintiff thereafter filed his Objection to the Recommendation on

April 25, 2005. On July 6, 2005, the Recommendation was adopted and the Defendants'

Motions for Summary Judgment were granted by order of the Court. On July 26, 2005, the

Court's Order was vacated and this case is again before the court for reconsideration of the

affidavit and exhibits submitted by the Plaintiff.

On July 29, 2005, the Plaintiff filed an appeal of the final judgment with the Eleventh

Circuit Court of Appeals. Generally, filing a notice of appeal divests a district court of

jurisdiction. *Weaver v. Florida Power and Light Co.*, 172 F.3d 771 (11th Cir. 1999). Federal

courts, however, only have jurisdiction to review final decisions of the lower courts. *U.S.

S.E.C. v. Carillo*, 325 F.3d 1268 (11th Cir. 2003). The Eleventh Circuit has held that a

Dockets.Justia.com

premature notice of appeal does not divest the district court of jurisdiction over a case. *U.S.*
*v. Kapelushnik*, 306 F.3d 1090 (11th Cir. 2002). The Plaintiff's appeal in this case, was filed
prematurely, as the District Court had already vacated its previous Order. Therefore, no final
decision existed for the Plaintiff to appeal, and this court is not precluded from re-reviewing
the motions for summary judgment.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary
judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits,
> if any, show that there is no genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact
and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c);*
*Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.
1983). While the evidence and all factual inferences therefrom must be viewed by the court
in the light most favorable to the party opposing the motion, the party opposing the granting
of the motion for summary judgment cannot rest on his pleadings to present an issue of fact
but must make a response to the motion by filing affidavits, depositions, or otherwise in order
to persuade the court that there are material facts present in the case which must be presented
to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d
656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding

whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion.  If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law.  Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## PROCEDURAL HISTORY

Plaintiff is currently imprisoned in the Federal Correctional Institution in Forrest City, Arkansas, pursuant to a conviction for possession with intent to distribute over fifty grams of methamphetamine.   In his Amended Complaint, Plaintiff seeks monetary damages for violations of his constitutional rights.   Specifically, in Count I of his Amended Complaint

filed on July 6, 2004, Plaintiff alleged that while he was incarcerated in the Decatur County Jail on pending state charges, he was denied medical attention for several maladies. In Count II of his Amended Complaint, Plaintiff Brown alleged that, while he was confined, Defendant J. Brown Moseley, the District Attorney, filed a forfeiture action in the Superior Court of Decatur County, Georgia, seeking forfeiture of certain of Plaintiff's property; that Defendant Wiley Griffin, the Sheriff of Decatur County, and Defendant Moseley agreed to prevent Plaintiff from filing any answer or otherwise responding to the forfeiture complaint, so that Plaintiff would be in default in the civil forfeiture case; and to accomplished this agreement they "denied Plaintiff any means with which to file an answer or otherwise respond to the forfeiture complaint."

In Count III of Plaintiff's Amended Complaint, he alleged that from August 26, 2003 to September 29, 2003, Defendant Griffin intentionally held him in the Decatur County Jail with no charges pending against him. He asserts that Defendant Griffin sought to inflict punishment upon him by unlawfully imprisoning him. He asserts that he suffered a lack of medical attention, the denial of his liberty and physical damage to his body. And finally, in Count IV of the Amended Complaint, Plaintiff alleged that on or about March 21, 2001, Defendants Moseley and Griffin agreed to offer Plaintiff an immunity agreement, with the intent of obtaining services and assistance of the Plaintiff by causing him to believe that he was to receive total and complete immunity in exchange for services Plaintiff would render to the State; that the Defendants had no intention of honoring the agreement, and after good

5

faith compliance by Plaintiff, Defendants "then caused the Plaintiff to be prosecuted in the United States District Court for the Middle District of Georgia, . . . that they sought and procured the criminal prosecution of Plaintiff in the United States District Court, well knowing that they had previously promised complete immunity to Plaintiff, and well knowing that Plaintiff had fully and faithfully performed his agreement."

On August 19, 2004, Defendant Moseley filed a Motion to Dismiss the action as to Counts II and IV, the two counts which name him as a defendant, claiming that the statute of limitations had run. That motion was denied on September 16, 2004. On September 13, 2004, Defendant Griffin filed a Motion to Dismiss all counts against him. Counts I and III were ultimately dismissed as this court found that Defendant Griffin, as sheriff, was entitled to Eleventh Amendment immunity on those claims. Thereafter, on February 4, 2005, Defendant Griffin filed a Motion for Summary Judgment as to Counts II and IV. Defendant Moseley filed his Motion for Summary Judgment as to Counts II and IV on February 8, 2005. Plaintiff responded to the Motions on March 7, 2005 and March 14, 2005, respectively, by filing completely identical briefs as to the two Defendants with this court. As Counts I and III of Plaintiff's Amended Complaint have been dismissed as to Defendant Griffin and those counts do not pertain to Defendant Moseley, only Counts II and IV need be addressed.

## DISCUSSION

The record reveals that on February 15, 2001, the Decatur County Sheriff's Department in conjunction with the Drug Enforcement Agency (DEA) followed a

confidential informant to the home of the Plaintiff. Therein, the informant bought seven grams of methamphetamine. On February 21, 2001, the informant again purchased seven grams of methamphetamine and was also given 97.3 grams of marijuana. On March 1, 2001, acting under a search warrant, the officers from both the Sheriff's Department and the DEA searched Plaintiff's residence and confiscated 92.16 grams of methamphetamine, along with several other items. Plaintiff was then arrested and was released on bond on May 9, 2001. He was thereafter convicted of possession with intent to distribute over fifty grams of methamphetamine in a federal district court.

## I.    Conspiracy Claims

As noted above, in both counts against them, the Plaintiff has alleged that the Defendants, in concert, actively and knowingly violated his constitutional rights. With regard to the conspiracy claims in both counts, Defendants Griffin and Moseley contend that Plaintiff has failed to establish a prima facie case that there existed an agreement to deny Plaintiff his constitutional rights. As Defendant Griffin stated in his Brief in Support of Motion for Summary Judgment, the Plaintiff is required to establish that there was an explicit agreement between the defendants to violate his constitutional rights. *See, Strength v. Hubert*, 854 F.2d 421 (11 Cir. 1988)(overruled on other grounds by *Whitney v. Traylor,* 85 F.3d 581 (11th Cir. 1996)).

With regard to the facts in this case, the Plaintiff has failed to allege the operative facts of a conspiracy. "A complaint may justifiably be dismissed because of the conclusory,

vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984) (citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)).  Plaintiff's complaint presents no facts which would show that an agreement and concerted action of conspiracy actually existed between the Defendants. To show that a valid conspiracy claim under § 1983 existed, a plaintiff must establish the supporting, operative facts of the conspiracy. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The mere fact that Plaintiff alleges that there was a conspiracy to deprive him of his due process rights, is not sufficient to show participation in a conspiracy.

The Plaintiff argues in his Objections that both Defendants were aware of the events and both parties stood to gain financially from the acts in question. (Plaintiff's Objections, p. 3).  That awareness and the fact that the sheriff's office would receive any benefit from a forfeiture action, however, does not establish that the Defendants conspired to deprive him of any constitutional right.  In fact, the Plaintiff admits in his Objections that he "is not in a position to show the defendants agreed in detail as to the manner and means they would utilize to deprive the Plaintiff of his constitutional rights." *Id.*  at 7.  Rather, he argues that the trier of fact would be able to "find the existence of a conspiracy" from the evidence presented. *Id.*  That possibility, however, is not the standard.  As was previously stated, a Plaintiff  must establish that there was an *explicit* agreement between the defendants to deprive him of his rights. The Plaintiff has failed to do so.  Thus, it is recommended that Defendants' Motion for Summary Judgment as to any conspiracy claims be **GRANTED.** Because the Plaintiff has failed to show any operative facts relating to a conspiracy on either

8

of the remaining counts, it is further recommended that as to Count II, Defendant Moseley's Motion for Summary Judgment be **GRANTED** as the Plaintiff is unable to show that this Defendant acted in any way to deprive the Plaintiff access to the courts. Is it further recommended that Defendant Griffin's Motion for Summary Judgment be **GRANTED** as to Count IV, as the Plaintiff is unable to show that the Defendant failed to honor an immunity agreement made between the Plaintiff and Defendant Moseley. The remaining issues for determination, therefore, are Defendant Griffin's Motion for Summary Judgment as to Count II and Defendant Moseley's Motion for Summary Judgment as to Count IV.

## II.    Denial of Access to the Court

Throughout his pleadings, the Plaintiff has alleged that Defendant Griffin, in his capacity as Sheriff of Decatur County, denied him access to the jail's law library for the purpose of hindering his ability to file an answer to the forfeiture action brought by the District Attorney's Office. Defendant Griffin, in a sworn statement, attested that he in no way kept the Plaintiff from having access to the law library. (Griffin Affidavit, p. 2,3).

In response, the Plaintiff contends under penalty of perjury that he made several written requests to Defendant Griffin for permission to utilize the library. (Plaintiff's Affidavit, p. 2). He further states in his Objections that "whether Plaintiff made a request to use the law library, and whether Defendant Griffin failed, refused, or neglected to permit Plaintiff from using those facilities is a material fact in the case." (Objections p. 4).

In his Motion for Summary Judgment, however, Defendant Griffin further argues that he is immune from liability on this claim pursuant to his Eleventh Amendment Immunity, just as he was found to have been with regard to Counts I and III, which were dismissed against him for that reason. (Doc. 36).

To determine whether a defendant is immune from liability under the Eleventh Amendment, the Eleventh Circuit Court of Appeals has held that "...a defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the State." *Manders v. Lee,* 338 F.3d 1304, 1308 -1309 (11th Cir. 2003); citing *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429-30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). The Court, in *Manders*, set out the four factor test used to ascertain whether an entity is an "arm of the State" in carrying out the function at issue: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Manders* at 1309; citing *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm.,* 226 F.3d 1226, 1231-34 (11th Cir.2000); *Shands Teaching Hosp. & Clinics v. Beech St. Corp.,* 208 F.3d 1308, 1311 (11th Cir.2000) ; *Tuveson v. Fla. Governor's Council of Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir.1984).

This court has previously determined in this case, based on the standard found in *Manders,* that where a Georgia Sheriff is performing his official and authorized duties as a state actor, he is entitled to eleventh amendment immunity. (Doc. 36). Because Defendant Griffin was "wearing his state hat" and working under color of Georgia state law at the time

10

of the events at issue in Count II, he is immune to suit in his official capacity under the auspices of the Eleventh Amendment.    Therefore, it is recommended that Defendant Griffin's Motion for Summary Judgement as to Count II of the Amended Complaint be **GRANTED**.


### III.    Immunity Agreement

The sole remaining issue deals with Count IV of the Plaintiff's Amended Complaint wherein he alleges that Defendant Moseley entered into an immunity Agreement with him which, in return for his assistance on other drug cases, would prevent him from being prosecuted on the pending charges. The Plaintiff contends that Defendant Moseley entered into the agreement, then failed to honor it by having him prosecuted by the United States District Court on federal drug charges stemming from his arrest on state charges.

In his Motion for Summary Judgment, Defendant Moseley argues that he did enter into the agreement with the Plaintiff, that he honored the agreement, and that he did not have anything to do with the federal charges brought against the Plaintiff. (Brief, p. 7).  He asserts in his statement that he was unable to negotiate on behalf of the federal government, and that he informed Plaintiff's attorney of that fact when the agreement was signed. (Moseley Affidavit, p. 5, 6).

A review of the immunity agreement signed by Defendant Moseley and Plaintiff's then Counsel reveals a statement which reads "[T]his agreement is entered into in the

11

understanding and contemplation that like immunity will be received from the Federal authorities." (See, Doc. 6, Exhibits Attached to Questionnaire for Prisoner's Proceeding Pro Se).   In his Statement of Material Facts Which Continue to be in Dispute Between Plaintiff and J. Brown Moseley, filed on March 14, 2005, however, Plaintiff acknowledges that Defendant Moseley told him that "while he could not bind the federal authorities, that he would let them know of the agreement he had entered into with Plaintiff and the extent of Plaintiff's cooperation with law enforcement authorities." (Statement, p. 4).

In determining what cases to prosecute, a state district attorney has no power or authority to require the federal government to pursue or to prevent the federal government from pursuing federal charges against a defendant.  The State of Georgia and the United States employ two distinct law enforcement entities which operate separately of each other. However, the federal government was not a party to Plaintiff's agreement with Defendant Moseley. Nowhere in the immunity agreement does the federal government agree not to pursue charges against the Plaintiff.  Plaintiff's claim that he will have a DEA agent testify that Defendant Moseley *sought* federal prosecution against him, does not satisfy the Summary Judgment requirement for a sworn affidavit to such fact.  Plaintiff's assertion is no more than hearsay.  Furthermore, the decision to initiate federal prosecution did not rest with Defendant  Moseley at any time.  Even if the Plaintiff were able to show that Defendant Moseley asked the United States Attorney's Office to pursue charges against Plaintiff  in spite of the agreement, he cannot establish that the United States Attorney was obligated to comply with Moseley's request, anymore than the agreement between Plaintiff and Moseley

could bind the federal prosecutor not to prosecute federal charges against Plaintiff. Plaintiff is, therefore, unable to establish that Defendant Moseley "procured" his criminal prosecution in the United States District Court. While Moseley's "contemplation" that there would be no federal prosecution might have been an unwise thing to contemplate, it does not rise to the level of violation of Plaintiff's constitutional rights. Therefore, it is recommended that Defendant Moseley's Motion for Summary Judgement as to Count IV be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So Recommended, this 12th Day of August, 2005.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe