IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| BILLY EUGENE BROWN, | : |
| Plaintiff | : |
| VS. | : |
| WILEY GRIFFIN and J. MOSELEY BROWN, | : CIVIL ACTION NO.: 6:03-CV-43 (HL) |
| Defendants | : |

# **O R D E R**

Plaintiff **BILLY EUGENE BROWN** has filed a motion to proceed *in forma pauperis* on appeal from the Court's February 3, 2006 Order denying his motion to proceed *in forma pauperis* on appeal (R. at 77) and the Court's March 16, 2006 Order denying his motion for reconsideration of the Court's February 3, 2006 Order (R. at 79). For the reasons discussed below, this motion is denied.

Plaintiff filed his Notice of Appeal on November 10, 2005 (R. at 71). The United States Court of Appeals for the Eleventh Circuit dismissed his appeal on December 7, 2005 for want of prosecution because plaintiff failed to pay the full docketing and filing fee or, alternatively, file a motion for leave to proceed *in forma pauperis* on appeal. A review of court records on the United States Courts of Appeals PACER docket report shows that plaintiff then apparently filed a "Motion to Vacate Entry of Dismissal." On December 22, 2005, the United States Court of Appeals for the Eleventh Circuit returned this motion to plaintiff with "instructions on filing a motion to reinstate." It does not appear that plaintiff has filed such a motion to reinstate the appeal.

Plaintiff filed a motion for leave to proceed *in forma pauperis* on appeal in this Court on January 5, 2007. (R. at 76). Because plaintiff had no pending appeal at the time, the Court denied the motion as moot on February 3, 2006. (R. at 77). Plaintiff filed his motion for reconsideration of the Court's February 3, 2006 Order. (R. at 79). As plaintiff did not

have a pending appeal, the Court denied this motion for reconsideration.

Plaintiff is now attempting to appeal this Court's denial of his motion to proceed *in forma pauperis* on appeal. However, Fed. R. App. P. 24 provides as follows regarding what action a party should take when a district court denies his motion to proceed *in forma pauperis* on appeal: "A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service" of the district court's denial of his motion to proceed *in forma pauperis* on appeal. In other words, after the district court denies a motion to proceed *in forma pauperis* on appeal, as it did in this case, the party should file a motion in the court of appeals "calling into question the correctness of the action of the district court," as opposed to filing an appeal. Fed. R. App. P. 24 advisory committee's note.

As plaintiff does not have the right to appeal from this Court's denial of his motion to proceed *in forma pauperis* on appeal, the Court **DENIES** his current motion to proceed *in forma pauperis* in this appeal.

**SO ORDERED**, this 13th day of April, 2006.


s/    Hugh Lawson
HUGH LAWSON, JUDGE


lnb